IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RONDELL STREET,** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL NO. JKB-18-1810 |
| **U.S. POSTAL SERVICE,** | * | |
| **Defendant** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### *I. Background*

Plaintiff Rondell Street instituted this complaint against the United States Postal Service (the "Agency") on June 18, 2018, seeking compensation for personal injury allegedly suffered in an automobile accident occurring on May 7, 2016. (Compl., ECF No. 1.) The action was brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).

Defendant has filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. (ECF No. 9.) No response was timely filed by Plaintiff. The motion is, therefore, ripe. No hearing is required. Local Rule 105.6 (D. Md. 2016). Construed as a motion for summary judgment, the motion will be granted.

### *II. Standard for Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If

sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

## *III. Analysis*

Defendant contends Plaintiff failed to file his civil lawsuit within the time required by the applicable statute of limitation. The filing period is set forth in 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues *or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.*

Attached to Defendant's motion are two exhibits: Exhibit One is the Claim for Damage, Injury, or Death submitted by Plaintiff to the Agency on July 26, 2016; Exhibit Two is the Agency's denial of the claim, dated December 16, 2016. (Def.'s Mot. Ex. 1, Ex. 2, ECF Nos. 9-2, 9-3.) This lawsuit was clearly not begun within six months after the date of mailing of the Agency's

denial of the claim. Instead, it was filed eighteen months after that critical date. Consequently, it is clearly barred under § 2401(b).

## IV. Conclusion

For the above-stated reasons, the Court concludes that no genuine dispute of material fact exists and that Defendant is entitled to judgment as a matter of law. A separate order follows.

DATED this 12 day of October, 2018.

BY THE COURT:

James K. Bredar
Chief Judge